UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 29 2006
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KAREY NIENABER, on behalf of herself and all others similarly situated, | \* \* \* \* | CIV. 04-4054 |
| vs. | \* \* | ORDER APPROVING CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES AND FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT |
| CITIBANK (SOUTH DAKOTA) N.A., | \* \* \* | |
| Defendant. | \* \* | |
| and | \* \* | |
| LISA M. ROMANELLI, on behalf of herself and others similarly situated, | \* \* \* \* | |
| Plaintiff, | \* \* | |
| vs. | \* \* | |
| ASSOCIATES NATIONAL BANK, | \* \* | |
| Defendant. | \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WHEREAS, Plaintiffs Karey Nienaber and Lisa Romanelli ("Plaintiffs") having made an unopposed motion for an order approving the settlement of these consolidated Actions, in accordance with an Amended Stipulation of Settlement dated as September 25, 2006 ("Amended Settlement Agreement" or "Settlement") which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Actions on a class basis and for dismissal of the Actions with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Amended Settlement Agreement, the Exhibits annexed thereto, Plaintiffs' Motion for Preliminary Approval of the Settlement and all accompanying papers; and

WHEREAS, as a condition of the Settlement, Plaintiffs, on behalf of themselves individually

and on behalf of each of the Settlement Class members, have agreed to a release of claims arising under federal, state or common law as specified in the Amended Settlement Agreement;

**NOW THEREFORE, THE COURT FINDS AND ORDERS AS FOLLOWS:**

1. For purposes of the Actions, the Court has subject matter and personal jurisdiction over the parties and this dispute.

2. This Order incorporates by reference the definitions in the Amended Settlement Agreement submitted by the Parties (Doc. 71), and all terms shall have the same meaning as set forth in the Amended Settlement Agreement.

3. The following Settlement Class is preliminarily certified, for settlement purposes only, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> Each and every person who had one or more account(s), including any cosigner, joint or authorized user on such account(s), with Citibank (South Dakota), N.A., Associates National Bank (Delaware) and/or Universal Bank, N.A. (collectively "Citibank"), for which consumer report information, in the form of account review inquiries, was pulled, obtained or accessed on such account(s) by or on behalf of Citibank at any time during the period beginning April 27, 2002, through the date of this Order at a time when Citibank allegedly did not have a permissible purpose for doing so pursuant to 15 U.S.C. § 1681b(a) because Citibank and the person purportedly had no relationship as described in 15 U.S.C. § 1681b(a)(3)(A)-(F). Persons who have previously released any claims against Citibank pertaining to the accessing of consumer report information shall be excluded from the class.

4. With respect to the Settlement Class, this Court preliminarily finds, solely for purposes of this Settlement that: (a) the Settlement Class members are so numerous that joinder of all Settlement Class members in the action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel will and can fairly and adequately represent and protect the interests of all of the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any

litigation concerning the controversy already commenced by Settlement Class members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. For settlement purposes only, the Court finds that Plaintiffs are adequate and typical representatives of the conditionally certified Settlement Class, and that Class Counsel are adequate counsel for the Settlement Class. Plaintiffs are hereby designated as representatives of, and Class Counsel are hereby approved as counsel for, the conditionally-certified Settlement Class.

6. The proposed Settlement with the defendants, which is reflected in the Amended Settlement Agreement and incorporated by reference herein and made a part of this Preliminary Approval Order, appears to have been negotiated at arms-length and appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, will not improperly grant preferential treatment to the class representative or segments of the Settlement Class and falls within the range of possible approval which could ultimately be given final approval by the Court. The proposed Settlement appears to be fair, reasonable, adequate and in the best interests of the class when balanced against the probable outcome of further litigation relating to class certification, defenses, including arbitration, liability and damages issues and current and potential appeals relating to the same, and will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation.

7. The Settlement is preliminarily approved as in the best interests of the Settlement Class, subject to the right of members of the Settlement Class to be heard on the terms and the reasonableness of the settlement at the hearing on final approval ("Final Settlement Hearing").

8. The method and form of the class notice described in Paragraph 9 of the Amended Settlement Agreement, including the Summary Class Notice and Full Class Notice attached as Exhibits 1-A and 1-B to the Amended Settlement Agreement, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the Settlement and matters set forth in said Notice to the Settlement Class, and fully satisfy the requirements of due process, the Federal Rules of Civil Procedure, the Rules of this Court and any other applicable law. The Court expressly finds that notice by publication, as set forth in Paragraph 9 of the Amended Settlement Agreement, is appropriate and proper here because the Parties have established to the Court's satisfaction that Citibank cannot readily or reasonably ascertain the identity of Settlement Class members on any

reasonably economic or systematic basis. The Summary Class Notice and Full Class Notice as set forth in the Amended Settlement Agreement, to be completed with appropriate Email and mailing addresses and to be modified to be consistent with this Order, are approved for publication. The publication shall begin the week of November 17, 2006, and be completed by December 4, 2006.

9. The form of Claim Form attached to the Amended Settlement Agreement as Exhibit 2, to be completed with appropriate Internet, Email and mailing addresses, is approved for distribution to Settlement Class members. Persons responding to the class notice must provide adequate proof of their status as a Settlement Class member pursuant to Paragraph 10.B of the Amended Settlement Agreement. The postmark/Email deadline for submitting Claim Forms shall be March 16, 2007, and shall be set forth in the Summary and Full Class Notices and Claim Form. As set forth in the Amended Settlement Agreement, Citibank will have no obligation to honor any claims postmarked or Emailed subsequent to this deadline, and Citibank shall have the right, but not the obligation, to review each Claim Form to determine whether it is a Valid Claim.

10. At least seven (7) days before the Final Settlement Hearing, Citibank shall file with the Court an affidavit verifying that Class Notice has been completed as required by the Amended Settlement Agreement.

11. The Court hereby schedules a Final Settlement Hearing to determine: (i) whether the settlement reflected in the Amended Settlement Agreement should be approved as fair, reasonable, adequate, and in the best interests of the members of the Settlement Class; (ii) whether final judgment should be entered dismissing the Released Claims of Plaintiffs and the members of the Settlement Class with prejudice and on the merits, as required by the Amended Settlement Agreement; (iii) whether to approve Class Counsel's requests for attorneys' fees and expenses; and (iv) whether to approve the Plaintiffs' compensation awards. The hearing will take place on February 12, 2007, at 1:30 p.m. in Courtroom 1.

12. Settlement Class members are permitted to opt out of the Settlement via an opt-out procedure as set forth in the Amended Settlement Agreement. Prospective Settlement Class members may opt out of the Settlement Class by sending a written request for exclusion to the address listed in the Class Notice, postmarked no later than January 4, 2007, which deadline date shall be set forth in the Class Notice. As set forth in the Amended Settlement Agreement, exclusion requests must: (a) be signed by all account holders (including joint cardholders, co-applicants and

authorized users); (b) include the full name, address and Citibank account number(s) of the Settlement Class member; and (c) include the following statement "I/we request to be excluded from the class settlement in <u>Nienaber v. Citibank (South Dakota), N.A.</u> and <u>Romanelli v. Associates National Bank,</u> United States District Court for the District of South Dakota (Southern Division), CIV. 04-4054. No request for exclusion will be valid unless all of the information described above is included. For any Settlement Class member that has more than one account, the exclusion request must specify each separate account. Citibank shall retain a copy of all requests for exclusion and shall, upon written request, provide a copy of any such requests to Class Counsel with the Citibank account number redacted. Class Counsel shall keep any such opt out information confidential and use same only for purposes of determining whether an individual has properly opted out. All Settlement Class members who do not opt out in accordance with the terms of the Amended Settlement Agreement, the Summary and Full Class Notices and this Order shall be bound by all determinations and judgments in this matter concerning the Settlement, including, but not limited to, the releases provided for in the Amended Settlement Agreement and the Full Class Notice.

  13. Any member of the Settlement Class who has not previously opted out in accordance with the terms of the Amended Settlement Agreement and the Summary and Full Class Notices may appear at the hearing on final approval and show cause why the proposed settlement contained in the Amended Settlement Agreement should not be approved as fair, reasonable and adequate and why a judgment should not be entered dismissing the Actions with prejudice in accordance with the terms of the Amended Settlement Agreement or why attorneys' fees and expenses should not be approved for Class Counsel; notwithstanding the foregoing, no member of the Settlement Class, or any other person, shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement or, if approved, the judgment to be entered thereon approving same, or the attorneys' fees and expenses to be paid to Class Counsel, unless, no later than January 4, 2007 (which deadline date shall be set forth in the Class Notice), the person has served by first-class mail a notice of his or her intention to appear (which shall set forth each objection and the basis therefor), and copies of any papers in support of his or her position, upon Thomas J. Lyons, Jr., Consumer Justice Center, P.A., 367 Commerce Court, Vadnais Heights, MN 55127, James A. Francis, Francis and Mailman, P.C. Land Title Building 19th Floor, 100 South Broad Street, Philadelphia, PA 19110, and Thomas J. Welk, Boyce, Greenfield, Pashby & Welk, L.L.P., 101 North Phillips Avenue, Suite 600, Sioux

Falls, South Dakota 57117-5015 and filed said notice of intention to appear and supporting papers with the Clerk of the United States District Court for the District of South Dakota (Southern Division), with proofs of service on the above attorneys. Any Settlement Class member who does not make an objection in the time and manner provided herein shall be deemed to have waived such objection and forever be foreclosed from making any objection to the proposed Settlement or to the payment of attorneys' fees and expenses to Class Counsel, unless otherwise ordered by the Court.

14. All motions and papers in support of the Settlement, and any application by Class Counsel for attorneys' fees and costs and the incentive award, shall be filed and served seven (7) calendar days prior to the Final Settlement Hearing.

15. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending final determination of whether the Settlement should be finally approved, neither Plaintiffs nor any Settlement Class member, either directly, representatively or in any other capacity, nor any person or entity allegedly acting on behalf of Settlement Class members, shall commence or prosecute against the Released Parties, as defined in the Amended Settlement Agreement, any action or proceeding in any court, tribunal, arbitration forum or other proceeding, asserting any of the Released Claims, as defined in the Amended Settlement Agreement. This stay is necessary to protect and effectuate the Settlement, this Preliminary Approval Order, and this Court's flexibility and authority to effectuate this Settlement and to enter Final Judgment when appropriate.

16. The Court reserves the right to adjourn the date of the Final Settlement Hearing without further notice to Settlement Class members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Settlement Class.

17. The Amended Settlement Agreement may be rescinded, canceled and annulled in its entirety, including conditional certification of the Settlement Class, pursuant to the conditions set forth in paragraphs 3.B, 12 and/or 15 of the Agreement. If for any reason the Court does not execute and file an Order and/or Judgment finally approving the Settlement, or if the Effective Date of the Settlement does not occur for any reason whatsoever, the proposed Amended Settlement Agreement that is the subject of this Preliminary Approval Order and all evidence and proceedings had in

connection therewith, including certification of any class, shall be disregarded and shall be without prejudice to the *status quo ante* rights of the parties as more specifically set forth in the Amended Settlement Agreement.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Sully Margulies
(SEAL)    (DEPUTY)