UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
MAR 0 7 2007

CLERK

******************************************************************

| | | |
|---|---|---|
| KAREY NIENABER, on behalf of herself and all others similarly situated, | * * * | CIV. 04-4054 |
| Plaintiff, | * | |
| vs. | * | |
| | * | ORDER ON FINAL APPROVAL |
| CITIBANK (SOUTH DAKOTA) N.A., | * | OF CLASS SETTLEMENT AND |
| | * | FINAL JUDGMENT OF |
| Defendant. | * | DISMISSAL WITH PREJUDICE |
| and | * | |
| LISA ROMANELLI, on behalf of herself and all others similarly situated, | * * * | |
| Plaintiff, | * | |
| vs. | * | |
| ASSOCIATES NATIONAL BANK, | * | |
| Defendant. | * | |

******************************************************************

This matter came before the Court for hearing pursuant to the Order Approving Certification of Class for Settlement Purposes and for Preliminary Approval of Class Settlement dated September 29, 2006 (the "Preliminary Order") [Doc. No. 73] on the application of the parties for final approval of the settlement set forth in the Amended Stipulation of Settlement dated September 25, 2006 (the "Settlement Agreement" or "Settlement") [Doc. No. 71], which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the above actions (the "Actions") on a class basis and for dismissal of the Actions with prejudice upon the terms and conditions set forth therein. The Court finds that due and adequate notice has been given to the Settlement Class as required in said Preliminary Order, and the Court having considered all papers

filed and proceedings conducted in this action and otherwise being fully informed and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Order incorporates by reference the definitions in the Settlement Agreement submitted by the Parties [Doc. No. 71], and all terms shall have the same meaning as set forth in the Settlement Agreement.

2. The Parties have submitted to the jurisdiction of the Court for purposes of the Settlement; this Court has personal jurisdiction over the Parties and all members of the Settlement Class and has subject matter jurisdiction to approve the Settlement Agreement and the Settlement set forth therein.

3. Further to the Preliminary Order, the Court finally certifies, for settlement purposes only, a Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, defined as: Each and every person who had one or more account(s), including any cosigner, joint or authorized user on such account(s), with Citibank (South Dakota), N.A., Associates National Bank (Delaware) and/or Universal Bank, N.A. (collectively "Citibank"), for which consumer report information, in the form of account review inquiries, was pulled, obtained or accessed on such account(s) by or on behalf of Citibank at any time during the period beginning April 27, 2002 through September 29, 2006, at a time when Citibank allegedly did not have a permissible purpose for doing so pursuant to 15 U.S.C. § 1681b(a) because Citibank and the person purportedly had no relationship as described in 15 U.S.C. § 1681b(a)(3)(A)-(F). Persons who have previously released any claims against Citibank pertaining to the accessing of consumer report information shall be excluded from the class.

With respect to this Settlement Class, this Court finds, solely for purposes of this Settlement that: (a) the Settlement Class members are so numerous that joinder of all Settlement Class members in the action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class members in individually controlling the prosecution of the

separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4. The Court finds that Citibank has completed the class notice program described in Paragraph 9 of the Settlement Agreement, and reaffirms its prior ruling in the Preliminary Order that the method and form of class notice, including the Summary Class Notice and Full Class Notice attached as Exhibits 1-A and 1-B to the Settlement Agreement, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the Settlement and matters set forth in said Notice to the Settlement Class, and fully satisfy the requirements of due process, the Federal Rules of Civil Procedure, the Rules of this Court and any other applicable law. As previously determined by the Court in the Preliminary Order, the Court reaffirms its conclusion that notice by publication, as set forth in Paragraph 9 of the Settlement Agreement, is appropriate and proper here because the Parties have established to the Court's satisfaction that Citibank cannot readily or reasonably ascertain the identity of Settlement Class members on any reasonably economic or systematic basis.

5. The Court finds that the Settlement has been negotiated at arms-length and is the product of serious, informed, noncollusive negotiations, has no obvious deficiencies and will not improperly grant preferential treatment to the class representative or segments of the Settlement Class. The Court further finds that the Settlement is fair, reasonable, adequate and in the best interests of the class when balanced against the probable outcome of further litigation relating to class certification, defenses, including arbitration, liability and damages issues and current and potential appeals relating to the same, and will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation. Therefore, the Settlement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to consummate and complete the Settlement in accordance with the terms and provisions of the Settlement Agreement.

6. No member of the Settlement Class has elected to opt out of the Settlement Class. No member of the Settlement Class has objected to the settlement. Objections were filed January 8,

2007, by Channing Hyde and Thomas Carder [Doc. No. 75] but a withdrawal of objections was filed on February 8, 2007 [Doc. No. 93]. Further, no objectors appeared at the final settlement hearing on February 12, 2007, at 1:30 p.m. in Courtroom I. After making inquiry of counsel regarding possible contact with the objectors, the Court approves the withdrawal of objections.

7. This action, including any Released Claims as described below, is hereby dismissed with prejudice as to Plaintiffs and all Settlement Class members. Plaintiffs and each member of the Settlement Class and each of their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and any cosigner, joint or authorized users of their accounts shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released and discharged Citibank (South Dakota), N.A., Associates National Bank (Delaware) and Universal Bank, N.A., and each of their present, former, and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors-in-interest, and/or any financial institutions, corporations, trusts, or other entities that may hold or have held any interest in any account or any receivables relating to any account, or any receivables or group of receivables, or any interest in the operation or ownership of any of the aforementioned, and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors (including processing facilities) and assigns, from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, as of the date of Final Judgment that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions or occurrences that were or could have been directly or indirectly alleged, asserted, described, set forth or referred to in the Actions, the Romanelli Arbitration and/or any other claims relating to alleged access to Plaintiffs' or Settlement Class members' consumer report information without a permissible purpose, including but not limited to invasion of privacy, intrusion into seclusion, violation of the FCRA or any similar state consumer credit reporting statutes, including but not limited to the California Consumer Credit Reporting Agencies Act (Cal. Civ. Code §§ 1785.1, et seq.), and violation of any federal or state consumer protection statutes. The releases identified in this paragraph shall be referred to as the

Released Claims, and the parties released shall be referred to as the Released Parties. Sears shall not be included as a Released Party. Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiffs and the members of the Settlement Class do not know or suspect to exist in their favor at the time that the settlement, and the releases contained therein, becomes effective. Plaintiffs and each member of the Settlement Class knowingly waive their rights under Section 20-7-11 of the South Dakota Codified Laws, if applicable, or any other similar state law or statute, which would otherwise bar relinquishment of claims that a creditor does not know or suspect to exist. In addition, Plaintiffs expressly waive, and each member of the Settlement Class shall be deemed to have waived, to the extent of the Released Claims and as permitted by law, all provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs understand and acknowledge, and each member of the Settlement Class shall be deemed to understand and acknowledge, the significance of the foregoing waivers and/or of any other applicable law relating to limitations on releases. In connection with such waiver and relinquishment, Plaintiffs have acknowledged, and each member of the Settlement Class shall be deemed to acknowledge, that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of this settlement, but that it is their intention to release fully, finally, and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts. The foregoing release shall apply to and bind Plaintiffs and all members of the Settlement Class, including those members of the Settlement Class who do not submit a claim or who do not receive or read the Summary and/or Full Class Notice or whose claims are denied and do not receive the benefits described herein, and shall bar all claims of the Plaintiffs and such members of the Settlement Class that are the subject of the foregoing release.

      8. Pursuant to Section 4.B. of the Settlement Agreement, the Court has approved distribution

of the Cy Pres Payment, based on the parties' proposal, to the following charities and in the following amounts: (i) $75,000 to the South Dakota Bar Foundation, to be used for non-advocacy educational programs; (ii) $50,000 to the Minnesota Chapter of the Federal Bar Foundation, to be used for non-advocacy educational programs; (iii) $12,500 to the Philadelphia Bar Foundation, to be used for non-advocacy educational programs; (iv) $12,500 to the National Consumer Law Center, to be used only for non-advocacy consumer educational publications; and (v) $150,000 to the South Dakota Community Foundation to facilitate the implementation of the South Dakota Financial Literacy Program. As agreed by the parties, the charitable funds described above shall not be used for any advocacy or religious purposes. The Cy Pres Payment shall be distributed to the foregoing charities pursuant to schedule and terms set forth in Section 4.B. of the Settlement Agreement.

9. In aid to this Court's jurisdiction to implement and enforce the Settlement, Plaintiffs and all members of the Settlement Class, either directly, in a representative capacity, or in any other capacity, or any person or entity allegedly acting on behalf of Settlement Class members, are hereby enjoined from prosecuting any Released Claims against any of the Released Parties in any court, tribunal, arbitration or other proceeding, and are deemed to have forever discharged the Released Parties from any claims or liabilities relating to the Actions, the Romanelli Arbitration or the Released Claims.

10. Any court order regarding the application for attorneys' fees and costs by Plaintiffs and Plaintiffs' Counsel shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the construction, interpretation, implementation and enforcement of the Settlement Agreement and over the administration and distribution of settlement benefits, including the Cy Pres Payment.

12. If the Effective Date of the Settlement does not occur for any reason whatsoever, this Judgment shall be rendered void and the Settlement Agreement that is the subject of this Judgment and all evidence and proceedings had in connection therewith, including certification of any class, shall be disregarded and shall be without prejudice to the status quo ante rights of the Parties, as

more specifically set forth in the Settlement Agreement.

13. Neither the Settlement, discussions relating to any settlement, nor any act performed or document prepared (whether executed or not) pursuant to or in furtherance of the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency, arbitration or other tribunal; (c) is or may be deemed to be a waiver of Citibank's right to seek to enforce its arbitration provision in other cases or against cardholders who opt out of the settlement; or (d) is or may be construed as or deemed to be evidence of a waiver of any applicable statute of limitations or any other defense or plea in abatement.

14. This Judgment is final and appealable.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2007.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _Shelly Marquhes_
(SEAL) DEPUTY