

**FILED**
JUL - 5 2007

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KAREY NIENABER, on behalf of herself and all others similarly situated, | CIV. 04-4054 |
| Plaintiff, vs. | MEMORANDUM OPINION AND ORDER ON MOTIONS FOR ATTORNEY FEES AND COSTS |
| CITIBANK (SOUTH DAKOTA) N.A., | |
| Defendant. | |
| and | |
| LISA ROMANELLI, on behalf of herself and all others similarly situated, | |
| Plaintiff, vs. | |
| ASSOCIATES NATIONAL BANK, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In this consolidated class action, Plaintiffs alleged that Defendant Banks impermissibly accessed certain cardmembers' credit reports in violation of the Fair Credit Reporting Act. The parties entered into a Stipulation of Settlement and the Court has issued its Order on Final Approval of Class Settlement and Final Judgment. Doc. 96. Still pending before the Court are Plaintiffs Karey Nienaber's and Lisa Romanelli's separate motions requesting awards of attorney fees, costs and sales tax. The Stipulation of Settlement contains "clear sailing" provisions with regard to attorney fees and expenses[1]. Doc. 54-2. Nienaber's counsel have agreed not to seek an award of more than

---

[1] A clear sailing agreement has been defined as an agreement "where the party paying the fee agrees not to contest the amount to be awarded by the fee-setting court so long as the award falls beneath a negotiated ceiling." *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 520n.1

$750,000.00 for attorney fees and cost, and Citibank has agreed not to oppose an application by Nienaber's counsel for attorney fees and expenses which does not exceed $750,000.00. Romanelli's counsel have agreed not to seek an award of more than $200,000.00 for attorney fees and cost, and Citibank has agreed not to oppose an application by Romanelli's counsel for attorney fees and expenses which does not exceed $200,000.00.[2] Citibank agrees to pay the attorney fees and expenses that are approved by the Court on the condition they fall beneath the negotiated ceiling.

Nienaber's Motion for Award of Attorney's Fees, Sales Tax and Costs (Doc. . 87) is supported by the declaration of Thomas J. Lyons, Sr. and attached exhibits (Doc. 88), the supplemental declaration of Thomas J. Lyons, Sr. (Doc. 94), the declaration of Thomas J. Lyons, Jr. and attached exhibits (Doc. 89), the declaration of Jon C. Sogn and attached exhibits (Doc. 91), and Nienaber's supporting brief (Doc. 90). Romanelli's Motion for Award of Attorney Fees and Reimbursement of Expenses (Doc. 82) requests $200,000.00 in combined attorney fees, costs and sales tax and is supported by the declaration of James A. Francis and attached exhibits (Doc. 83), the declaration of David A. Searles and attached exhibits (Doc. 84), and Romanelli's supporting brief (Doc. 86).

A hearing was held February 12, 2007, on Plaintiffs' Motion for Final Approval of Class Action Settlement and on Plaintiffs' Motions for Attorneys' Fees, Costs and Sales Tax. No party or member of the Settlement Class has objected to Plaintiffs' motions for attorney fees, costs and sales tax. Although objections to the Settlement in general were filed January 8, 2007, by Channing Hyde and Thomas Carder (Doc. 75), a withdrawal of these objections was filed on February 8, 2007 (Doc. 93). The Court approved the withdrawal of Hyde and Carder's objections, and no objectors appeared at the hearing on February 12, 2007. Subsequent to the hearing and in consideration of the arguments in support of the requested award of attorney fees, this Court issued an Order Requesting Additional Information (Doc. 98) regarding the number of class members who actually filed claim forms in this class action. That information has been provided to the Court. Doc. 100. Noone filed

---

(1st Cir. 1991).

[2]The parties engaged in separate settlement negotiations with regard to attorney fees.

a claim. Even if they saw the published information regarding the class action, it would be difficult for potential claimants to know if they in fact had a claim. This had been a concern previously expressed by the Court in two hearings and was the reason that the Court required more extensive public notice than had originally been contemplated by the parties. Doc. 69.

## DISCUSSION

The burden rests with counsel to establish a factual basis to support an award of attorney fees, and this Court bears the responsibility of scrutinizing requests for attorney fees. *See Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996). A district court must determine the reasonableness of attorney fee requests notwithstanding the fact that such fees are subject to a clear sailing fee agreement and notwithstanding the fact that the source of payment for the attorney fees does not directly impair the class recovery. *See Duhaime v. John Hancock Mut. Life Ins. Co.*, 989 F.Supp. 375, 376-377 (D. Mass. 1997). "Because any award [of attorney fees] has the potential for 'precedential value' in future cases, the Court owes a duty to the principled development of the law to exercise careful judgment in reviewing agreed-upon fees." *Duhaime*, 989 F.Supp. at 379 (citing *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 526 (1st Cir. 1991)).

An appropriate amount of attorney fees must be determined on the facts of each case. In determining the appropriate amount of attorney fees in a given case, there are twelve factors that the courts and the American Bar Association have considered as being relevant. These twelve factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430n.3 (1983) ( involving Civil Rights Attorney's Fees Awards Act ). The Supreme Court has opined with regard to attorney fee awards that "the most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. at 436.

Two main approaches are utilized to analyze a request for attorney fees. Under the "lodestar"

3

approach, the hours expended by counsel are multiplied by a reasonable hourly rate of compensation so as to produce a fee amount, and this amount may be adjusted up or down to reflect the individualized characteristics of a particular action. See *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 259-60 (8th Cir.1991).The second method, the "percentage of the benefit" approach, permits an award of attorney fees that is equal to some fraction of the common fund that counsel were successful in gathering during the course of the litigation in issue. See *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996); *Walitalo v. Iacocca*, 968 F.2d 741, 747-48 (8th Cir.1992). The district court has the discretion to choose which method to apply. *Johnston v. Comerica Mortg. Corp.*, 83 F.3d at 246.

Counsel for Romanelli

Counsel for Plaintiff Lisa Romanelli, in requesting an award of attorney fees and expenses in the amount of $200,000.00, contend they are entitled to attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3)[3] for having brought a successful action under the Fair Credit Reporting Act. They point out that Plaintiffs have succeeded in providing all Class members with the opportunity to obtain a credit protection service valued at approximately $41.70 per member, and have achieved further benefits consisting of a *cy pres* donation, the individual settlements with the Plaintiffs, payment by Citibank of the costs of notice and claims administration, and payment by Citibank of Plaintiffs' attorney fees and expenses. Counsel point out that while the settlement terms cap Romanelli's request for fees and costs at $200,000.00, that amount is actually only seventy-six percent (76 %) of counsel's total fees and costs incurred to the date of submission of their motion.

---

[3] 15 U.S.C.A. § 1681n (a)(3) provides:
> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>
> . . .
>
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

4

Counsel for Plaintiff Romanelli contend their request for attorney fees is reasonable under either a percentage of the benefit or lodestar analysis, and present argument and documentation for both. The five attorneys from Francis & Mailman, P.C., who worked on Romanelli's case billed their time at an hourly rate ranging from $225 to $365. The paralegals from Francis & Mailman, P.C. who worked on Romanelli's case billed their time at an hourly rate ranging from $95 to $125. The Court, after considering the afore-referenced twelve factors, concludes that the hourly rates and hours expended by the attorneys and paralegals from Francis & Mailman, P.C. is reasonable.

The two attorneys from Donovan Searles, LLC who worked on Romanelli's case billed their time at an hourly rate ranging from $$550 to $600. The paralegals from Donovan Searles, LLC who worked on Romanelli's case billed their time at an hourly rate ranging from $145 to $175. The Court finds that the hours expended by the attorneys and paralegals from Donovan Searles, LLC is reasonable. However, the Court concludes after considering the afore-referenced twelve factors, and particularly the information regarding the customary fees for attorneys of similar skill and experience, that a $365 hourly rate would be more reasonable for the attorneys and that a $125 hourly rate would be more reasonable for the paralegals from Donovan Searles, LLC. The Court concludes that these rates would result in a reasonable fee in that this rate is such that it would adequately attract competent counsel, while not producing a windfall to the attorney. *See Hendrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991).However, even after reducing the hourly rate for the attorneys and paralegals from Donovan Searles, LLC, the lodestar analysis supports an award of attorney fees and costs for Plaintiff Romanelli in the amount of $200,000.00 as requested.

<u>Counsel for Nienaber</u>

Counsel for Plaintiff Karey Nienaber, in requesting an award of attorney fees and expenses in the amount of $750,000.00, likewise contend they are entitled to attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) for having brought a successful action under the Fair Credit Reporting Act. Counsel for Nienaber requests that if the Court in its discretion determines that fees should not be based upon the common fund doctrine (with a settlement valued in the range of $42 million), that fees be awarded based upon the lodestar method with a multiplier.

Counsel for Nienaber cite to case law that proposes that awarding a percentage of the recovery in a class action common fund case is a more efficient and appropriate means of calculating

an award of attorney fees. See, e.g., *Johnston v. Comerica Mortg. Corp.*, 83 F.3d at 245 (noting that the Third Circuit Task Force recommended that the percentage of the benefit method be used in common fund situations). The Court does not dispute that by securing annual FCRA training for Citibank employees and by securing the $300,000.00 *cy pres* award for consumer education, counsel have provided a benefit to the general public, including the class members. The Court is also cognizant that absentee class members may be considered to have received a benefit within the meaning of the common fund doctrine for the purpose of allowing assessment of attorney fees against a common fund. *See Boeing Co. v. Van Gemert,* 444 U.S. 472, 481-482 (1980)("[M]embers of the class, whether or not they assert their rights, are at least the equitable owners of their respective shares in the recovery.").

Pursuant to the settlement agreement in this case Citibank was to provide to each settlement class member who submitted a valid claim, a six-month subscription to Watch-Guard Premier service, which is deemed to have a value of approximately $41.70 per settlement class member. Confidentiality considerations have apparently made it difficult to establish the number of class members. In the expert report in support of the motions for attorney fees, the expert, in valuing the settlement at $42,000,000.00, assumed the number of class members to be in excess of 1,000,000 card holders. Doc. 79. However, no class members actually filed claim forms in this action. Doc. 100. The Court previously expressed its concern that few class members would make a claim, in part because a significant number of class members would be unable to determine from their consumer's credit report whether or not they were members of the settlement class and entitled to make a claim. In consideration of these circumstances, the Court does not believe there is sufficiently reliable evidence regarding the value of the settlement to utilize the percentage of the recovery method to determine reasonable attorney fees in this action. As such, the Court will utilize the lodestar method to determine attorney fees in this action. The Court does not believe the use of a multiplier with the lodestar[4] is necessary or warranted in determining a reasonable fee in Nienaber's case.

---

[4] In *Blum v. Stenson* 465 U.S. 886 ( 1984), a civil rights action, the Supreme Court held that a district court is authorized, in its discretion, to allow a prevailing party an upward adjustment in attorney fees in cases of exceptional success.

6

The six attorneys for Lynn, Jackson, Schultz & Lebrun, P.C. billed their time on Nienaber's action at an hourly rate ranging from $150 to $225 per hour, and their legal assistants billed their time at an hourly rate of $75 per hour. Lynn, Jackson, Schultz & Lebrun, P.C. also submitted unreimbursed expenses totaling $818.35. The Court finds their total submission of fees and expenses of $72,567.33 to be reasonable and approves the same.

The attorney for Lyons Law Firm, P.A., billed his time on Nienaber's action at an hourly rate ranging from $350 to $400 per hour, and the firm's legal assistants billed their time at an hourly rate ranging from $65 to $75 per hour. Lyons Law Firm, P.A. also submitted unreimbursed expenses totaling $8,804.81. The Court finds the hourly rate of $350 to be more reasonable than $400, adjusts the submission to reflect the same, and approves for the Lyons Law Firm fees and expenses in the amount of $108,118.75.

The attorney for the Consumer Justice Center, P.A. billed his time on Nienaber's action at an hourly rate of $350 per hour, and the firm's legal assistant billed her time at an hourly rate of $110 per hour. Consumer Justice Center, P.A. also submitted unreimbursed expenses totaling $6,230.91. The Court finds the Consumer Justice Center's total submission of fees and expenses of $148,961.71 to be reasonable and approves the same.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Plaintiff Karey Nienaber's Motion for Award of Attorneys' Fees, Sales Tax and Costs (Doc. 87) is granted to the extent set forth in this opinion, and Nienaber's counsel are awarded the total sum of $338,452.60 for attorney fees, sales tax and costs; and

2. Plaintiff Lisa Romanelli's Motion for Award of Attorneys' Fees and Reimbursement of Expenses (Doc. 82]) is granted in its entirety, and Romanelli's counsel are

awarded the total sum of $200,000.00 for attorney fees and expenses.

Dated this 5th day of July, 2007.

BY THE COURT:

/s/ Lawrence L. Piersol
Honorable Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)    DEPUTY

8